SHANNON MARIE JENKINS, ESQ. (Bar No. 189781)
E-Mail: sjenkins@tldlaw.com
R. SCOTT HARLAN (Bar No. 312497)
E-Mail: sharlan@tldlaw.com
TREDWAY, LUMSDAINE & DOYLE LLP
2010 Main Street, Suite 1000
Irvine, California 92614
Telephone:   (949) 756-0684
Facsimile:    (866) 298-9254

Attorneys for FedEx Supply Chain, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

TREDWAY, LUMSDAINE & DOYLE LLP
2010 Main Street, Suite 1000
Irvine, California 92614
(949) 756-0684

| | |
|---|---|
| ALEJANDRO PONCE, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> FEDEX SUPPLY CHAIN, INC., a corporate entity form unknown; and DOES 1-50, inclusive, <br><br> Defendants. | Case No. <br><br> **NOTICE OF REMOVAL OF CIVIL ACTION** <br><br> **[DIVERSITY JURISDICTION. 28 U.S.C. §§ 1332(a), 1441 and 1446]** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant FEDEX SUPPLY CHAIN, INC. (hereinafter "FSC") hereby removes the above-entitled action from the Superior Court of the State of California for the County of San Bernardino to the United States District Court for the Central District of California. This removal is made pursuant to 28 U.S.C. Sections 1441 and 1446(a) on the facts set forth below:

## CASE HISTORY AND FOUNDATION FOR REMOVAL

1.     On or about April 5, 2021, Plaintiff filed his Complaint for damages in the Superior Court of the State of California, in and for the County of San Bernardino entitled *Alejandro Ponce, an individual v. FedEx Supply Chain, Inc., a corporate entity form unknown and Does 1-50,* Case No. CIVSB2106409 (the

1  "Action").  The Action is based on claims for Discrimination in Violation of

2  Government Code section 12940 et seq, Failure to Accommodate in Violation of

3  Government Code section 12940(m), Failure to Engage in Interactive Process in

4  Violation of Government Code section 12940(n), Failure to Prevent Discrimination

5  in Violation of Government Code section 12940(k), Retaliation in Violation of

6  Government Code section 12940(h), Rest Break Violations, and Violation of

7  Business & Professions Code section 17200 et seq. Attached hereto as Exhibit "1" is

8  a true and correct copy of the Summons and Complaint ("S&C") in this Action.

## COMPLETE DIVERSITY OF CITIZENSHIP

10  2.    Defendant FSC to this Action is diverse.  Defendant FSC is a Delaware

11  corporation with its principal place of business in Cranberry Township,

12  Pennsylvania.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

14  3.    Plaintiff's S&C alleged diversity of citizenship and states the amount

15  exceeds the minimum federal jurisdiction.  Plaintiff's S&C identifies the amount in

16  controversary to exceed $300,000.  (See Exhibit 1, S&C, p. 16, lines 3-5).

## GROUNDS FOR REMOVAL AND VENUE

18  4.    The Action is a suit of a wholly civil nature brought in a California

19  court.  Removal is based upon diversity of citizenship under 28 U.S.C. Section

20  1332.  The Action is pending in San Bernardino County, California, and

21  accordingly, under 28 U.S.C. Section 84(c)(3), the United States District Court for

22  the Central District of California, Eastern Division is the proper forum for removal.

23  5.    28 U.S.C. Section 1452(a) provides:

24  A party may remove any claim or cause of action in a civil action other than a
proceeding before a Tax Court or a civil action by a governmental unit to
25  enforce such governmental unit's police or regulatory power, to the district
court where such civil action is pending, if such district court has jurisdiction
26  of such claim or cause of action under section 1334 of this title.

27  6.    Plaintiff and Defendant FSC are both parties to the Action that is

TREDWAY, LUMSDAINE & DOYLE LLP
2010 Main Street, Suite 1000
Irvine, California 92614
(949) 756-0684

1  pending in the San Bernardino County Superior Court, which is in this district.  The

2  Action is neither a proceeding before a Tax Court, nor a civil action by a

3  governmental unit to enforce that governmental unit's police or regulatory power.

4  ## TIMELINESS OF REMOVAL

5  7.      This Notice of Removal is filed before Defendant FSC has been served

6  with the Summons and Complaint.  Plaintiff has intentionally delayed in serving his

7  Summons and Complaint on Defendant FSC.  Defendant FSC is the sole Defendant

8  named in Plaintiff's Summons and Complaint.  Therefore, the removal is timely

9  pursuant to 28 U.S.C. Section 1446(b)(3).

10  8.      To the best of Defendant FSC's knowledge, no other Defendants have

11  been named or been served with the S&C and no joinder is therefore necessary.

12  ## VENUE

13  9.      This is a suit of a wholly civil nature brought in a California court.  The

14  action is pending in San Bernardino County, California, and accordingly, under 28

15  U.S.C. Sections 84(c)(3) and 1441(a), the United Stated District Court for the

16  Central District of California, Eastern Division is the proper forum for removal.

17

18  DATED:  June 3, 2021                          TREDWAY, LUMSDAINE & DOYLE LLP

19

20

21                                        By:      /s/ Shannon Marie Jenkins

22                                                SHANNON MARIE JENKINS, Esq.
                                                Attorneys for FedEx Supply Chain, Inc.

23

24

25

26

27

28

TREDWAY, LUMSDAINE & DOYLE LLP
2010 Main Street, Suite 1000
Irvine, California 92614
(949) 756-0684

# EXHIBIT 1

Jihad M. Smaili, Esq. [262219]
**SMAILI & ASSOCIATES, PC**
Civic Center Plaza Towers
600 W. Santa Ana Blvd., Suite 202
Santa Ana, California 92701
714-547-4700
714-547-4710 (facsimile)
jihad@smaililaw.com

Attorneys for Plaintiff

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

**APR 05 2021**

BY _____
ANDREA PLACENCIA, DEPUTY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN BERNARDINO**

ALEJANDRO PONCE, an
individual;

        Plaintiff,

v.

FEDEX SUPPLY CHAIN, INC., a
corporate entity form unknown; and
DOES 1-50, inclusive,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: **CIV SB 2106409**
Assigned for all purposes to the

**COMPLAINT:**
1. Discrimination in Violation of Gov. Code §12940 *et seq.*
2. Failure to Accommodate in Violation of Gov. Code § 12940(m)
3. Failure to Engage in Interactive Process in Violation of Gov. Code § 12940(n)
4. Failure to Prevent Discrimination in Violation of Gov. Code § 12940(k)
5. Retaliation in Violation of Gov. Code §12940(h)
6. Rest Break Violations
7. Violation of Business & Professions Code § 17200 *et seq.*

**<u>DEMAND FOR JURY TRIAL</u>**
**<u>UNLIMITED JURISDICTION</u>**

**<u>BY FAX</u>**

COMPLAINT

1

Plaintiff Alejandro Ponce (hereinafter "Plaintiff" and/or "Ponce") alleges as follows:

## THE PARTIES

1.      At all times mentioned herein, and at the time the causes of action arose, Plaintiff was and is an individual.

2.      Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendant FedEx Supply Chain, Inc. ("FedEx"), is a corporate entity, form unknown, regularly conducting business in the State of California, and specifically, in the County of San Bernardino. Plaintiff is further informed and believes and thereon alleges that FedEx was transacting business in the County of San Bernardino, State of California, at the time claims of Plaintiff arose. At all times relevant, FedEx was an employer within the meaning of *Government Code* §12926(d) and as such was barred from, *inter alia*, harassing, discriminating or retaliating against Plaintiff in personnel, scheduling, employment, promotion, advancement, retention, hiring, terminating and other decisions relating to Plaintiff's employment on the basis of age, race, physical disability or medical condition, participation in protected activity, and other immutable characteristics.

3.      The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1—50, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each Defendant named herein as a DOE was responsible in some manner for the occurrences and damages alleged herein.

4.      Each reference in this complaint to "Defendant" and/or "Defendants" refers to FedEx and also refers to all Defendants sued under fictitious names, jointly and severally.

5.      Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this

Complaint. Plaintiff is further informed and believes and thereon alleges that Defendants, and each of them, proximately subjected Plaintiff to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint. Likewise, Defendants, and each of them are now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

6.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

7.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, at all times mentioned in this Complaint, concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injures and/or damages alleged in this Complaint. Plaintiff is further informed and believes and thereon alleges that Defendants, and each of them, at all times mentioned in this Complaint, approved of condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint. Likewise, Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

8.     Plaintiff is informed and believes and thereon alleges that at all actions alleged herein committed by Defendants were committed by managing agents of Defendants, or, such conduct was known by and/or ratified by managing agents of Defendants.

///

## VENUE AND JURISDICTION

9.     Venue is proper in this county and this Court has jurisdiction over this matter because Defendants operate out of San Bernardino, California, and, all of the claims and causes of action alleged herein occurred and accrued in the County of San Bernardino, State of California.

## FACTUAL BACKGROUND

10.     In or around September 2001, Plaintiff was hired by Defendant as a Forklift operator. Plaintiff's job duties include, but are not limited to, moving pallets, loading and unloading trailer trucks, and wrapping pallets. Plaintiff is paid $17.50 per hour with benefits.

11.     On or about February 14, 2018, Plaintiff sustained a work-related injury while attempting to load a trailer. A ramp Plaintiff was opening jerked him toward the trailer injuring his shoulders and neck. Plaintiff reported this injury to his supervisor immediately but nothing was done.

12.     As time passed, Defendant repeatedly failed to provide Plaintiff with medical attention. This forced Plaintiff to see his personal doctor for two months. Further, Plaintiff was forced to work in pain during this time because Defendant failed to engage him in a good faith interactive process and failed to accommodate him, as required by law.

13.     Egregiously, in response to Plaintiff's injury, he was asked to accept a demotion from his lead position by Javier Vasquez and Rhonda Melbon, two Defendant managers. Subsequently, Plaintiff was demoted. Plaintiff is informed and believes that he was demoted on the basis of his disability.

14.     Eventually, Defendant sent Plaintiff to a doctor. However, Plaintiff continued to experience severe pain in his shoulders and neck. As a result, Plaintiff took a medical leave of absence. During this leave, Plaintiff's health insurance coverage was ended by Defendant. On or about November 1, 2019, Plaintiff was approved for Long-Term Disability benefits.

15.     On or about December 18, 2019, Defendant threatened to take "appropriate employment action" if Plaintiff did provide the shipping company with documentation indicating when he would return to work. Plaintiff is informed and believes that Defendant was threatening to terminate him. This occurred after Plaintiff informed Defendant of a pending surgery. Plaintiff is willing to return to work.

16.     Before filing this lawsuit, his exhausted his administrative remedies by timely filing a complaint with the Department of Fair Employment and Housing (DFEH) and receiving a right-to-sue notice, dated May 26, 2020.

## FIRST CAUSE OF ACTION
## DISCRIMINATION IN VIOLATION OF
## CALIFORNIA GOVERNMENT CODE § 12940 *ET SEQ.*
### (Against All Defendants)

17.     Plaintiff refers to all allegations contained in paragraphs 1-16, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

18.     California law, and particularly the Fair Employment and Housing Act ("FEHA"), codified at *Government Code* §12900 *et seq.*, prohibits discrimination against persons with a physical condition or disability, which is broadly defined therein, and which includes even the perception that a person has a medical or mental condition and/or physical condition or disability.  FEHA further prohibits discrimination based upon, *inter alia*, age, race, gender, sexual orientation, national origin, pregnancy and other immutable characteristics.

19.     Plaintiff has a disability as alleged above.

20.     Defendant was aware of Plaintiff's on the job injury and his resulting disability, as herein alleged, because Plaintiff specifically reported said disability directly to Defendant via Defendant's supervisors and managing agents.

21.     At all times herein alleged, Plaintiff was qualified for the position of employment that he held with Defendant and was able to perform the essential functions of that job.

22.    Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff 's disability, Defendant refused to engage Plaintiff in an interactive process, refused to communicate with Plaintiff , refused to accommodate Plaintiff 's medical restrictions, denied Plaintiff opportunity for advancement, promotion and the ability to earn a living, and demoted Plaintiff .

23.    Defendant's discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's disability in violation of FEHA, and particularly *Gov't Code* §12940(a).

24.    As a direct, foreseeable, and proximate result of Defendant's discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendants' discriminatory conduct, all in an amount subject to proof at the time of trial, but believed to be no less than three hundred thousand dollars.

25.    As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to Plaintiff's damage in an amount subject to proof at trial.

26.    Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff 's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

27.    Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

28.    Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against

COMPLAINT

employees with disabilities. By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

29.    Plaintiff is informed and believes and thereon alleges that Plaintiff's on the job injury and resulting disability was a motivating factor in the decision of Defendant to discriminate against him and demote him.

30.    The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

31.    The conduct of Defendant as alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

32.    Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*

## SECOND CAUSE OF ACTION

### FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF
### CALIFORNIA GOVERNMENT CODE § 12940(m)

#### (Against All Defendants)

33.    Plaintiff refers to all allegations contained in paragraphs 1-32, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

34.    Plaintiff has a disability as alleged above.

35.    Defendant was aware of Plaintiff's disability, as alleged above and herein.

36.    Defendant failed and refused to accommodate Plaintiff's needs, and, failed and refused to engage in an interactive process with Plaintiff, and, failed to address Plaintiff's needs in light of his disabilities.

37.    At all times herein alleged, Plaintiff was qualified for the position of

employment that he held with Defendant and was able to perform the essential functions of that job if such reasonable accommodation had been made by Defendant.  At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other person's health or safety, nor would it have created an undue hardship to the operation of Defendant's business.

38.    Defendant's failure to accommodate Plaintiff, as alleged above, constitutes unlawful conduct in employment in violation of FEHA, and particularly *Gov't Code* §12940.

39.    As a direct, foreseeable, and proximate result of Defendant's wrongful conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's wrongful conduct, in an amount of at least three hundred thousand dollars, all subject to proof at the time of trial.

40.    As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an amount subject to proof at trial.

41.    Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

42.    Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

43.    Plaintiff is informed and believes and thereon alleges that Defendant has a

systemic and wide-spread policy of discriminating against and retaliating against employees with disabilities.  By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

44.    Plaintiff is informed and believes and thereon alleges that Defendant's desire to avoid accommodating Plaintiff was a motivating factor in the decision of Defendant to discriminate against him and ultimately demote him.

45.    The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

46.    The conduct of Defendant as alleged hereinabove was done with malice, fraud, or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

47.    Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*

### THIRD CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN
### VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940(n)

#### (Against All Defendants)

48.    Plaintiff refers to all allegations contained in paragraphs 1-47, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

49.    Plaintiff has a disability as alleged above.

50.    Defendant was aware of Plaintiff's disability, as alleged above and herein.

51.    Defendant failed and refused to engage Plaintiff in an interactive process designed to unite Plaintiff with his job.

52.    At all times herein alleged, Plaintiff was qualified for the position of

employment that he held with Defendant and was able to perform the essential functions of that job if such reasonable accommodation had been made by Defendant.  At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other person's health or safety, nor would it have created an undue hardship to the operation of Defendant's business.

53.     Defendant's failure to engage with Plaintiff in an interactive process, as alleged above, constitutes unlawful conduct in employment in violation of FEHA, and particularly *Gov't Code* §12940.

54.     As a direct, foreseeable, and proximate result of Defendant's wrongful conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's wrongful conduct, all in an amount no less than three hundred thousand dollars, subject to proof at the time of trial.

55.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an amount subject to proof at trial.

56.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

57.     Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

58.     Plaintiff is informed and believes and thereon alleges that Defendant has a

systemic and wide-spread policy of discriminating against and retaliating against employees with disabilities. By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

59.    Plaintiff is informed and believes and thereon alleges that Defendant's desire to avoid accommodating Plaintiff was a motivating factor in the decision of Defendant to discriminate against him and ultimately demote him.

60.    The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

61.    The conduct of Defendant as alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

62.    Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*

## FOURTH CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION IN VIOLATION
## OF CALIFORNIA GOVERNMENT CODE § 12940(k)

### (Against All Defendants)

63.    Plaintiff refers to all allegations contained in paragraphs 1-62, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

64.    During the course of employment, Defendant, and each of them, failed to prevent or remedy discrimination, retaliation and harassment toward Plaintiff on the basis of his disability and participation in protected conduct in violation of *Government Code* §12940(k).

65.    As a direct result of the wrongful conduct of Defendant, Plaintiff suffered,

1   and continues to suffer, substantial losses in earnings and other benefits in an amount

2   according to proof at the time trial, including special and general damages.

3        66.    As a direct, foreseeable, and proximate result of the wrongful conduct of

4   Defendant, Plaintiff has suffered and continues to suffer emotional distress and anguish,

5   humiliation, substantial losses in salary, bonuses, job benefits, and other employment

6   benefits which he would have received all to his damage in a sum within the jurisdiction

7   of the Court to be ascertained according to proof.

8        67.    Plaintiff is informed and believes and thereon alleges that the outrageous

9   conduct of Defendant, and each of them, as alleged herein, was done with oppression and

10  malice by Plaintiff's supervisors and managers, along with conscious disregard of

11  Plaintiff's rights, and were ratified by those other individuals who were managing agents

12  of Defendant.

13       68.    As a proximate result of the wrongful conduct of Defendant, and each of

14  them, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and

15  mental and physical pain and anguish according to proof at the time of trial.

16       69.    These unlawful acts were further encouraged by Defendant and done with a

17  conscious disregard for Plaintiff's rights and with the intent, design, and purpose of

18  injuring Plaintiff.   The conduct of Defendant alleged hereinabove was done with malice,

19  fraud or oppression, and in reckless disregard of Plaintiff's rights under California law.

20  As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

21       70.    Plaintiff has also incurred and continues to incur attorneys' fees and legal

22  expenses in an amount according to proof at the time of trial.

### FIFTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF

### CALIFORNIA GOVERNMENT CODE §12940(h)

#### (Against All Defendants)

27       71.    Plaintiff refers to all allegations contained in paragraphs 1-70, inclusive,

28  and by such reference incorporates the same herein as though fully realleged in detail.

COMPLAINT

12

72.    At all times herein mentioned, FEHA, *Government Code* §12940(h), was in full force and effect and was binding on Defendant.  This statute requires Defendant to refrain from retaliating against Plaintiff.

73.    Plaintiff is informed and believes and thereon alleges that as a consequence of lodging complaints with Defendants about the harassing and discriminatory acts being committed against Plaintiff, coupled with Plaintiff's disability sustained while on-the-job for which a reasonable accommodation was required, Defendant took retaliatory action against Plaintiff by failing to conduct a good faith interactive process aimed at reuniting Plaintiff with Plaintiff job, failing to determine the essential functions of Plaintiff's job, mistreating Plaintiff, and denying Plaintiff advancement and promotion.

74.    Defendant unlawfully retaliated against Plaintiff after he engaged in protected activity after being injured on the job, such as without limitation, requesting accommodation, and, lodging workplace complaints related to the harassment and discrimination that he was facing, and other complaints of a hostile and unsafe working environment.

75.    As a proximate result of Defendant's willful, knowing, and intentional conduct against Plaintiff, he has sustained and continues to sustain substantial losses in Plaintiff earnings and other employment benefits and continues to suffer humiliation, emotional distress, and mental and physical pain an and anguish, and sleep dysfunction, all to Plaintiff damage in a sum according to proof.

76.    These unlawful acts were further encouraged by Defendant and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff.  In light of Defendant's willful, knowing, and intentional discrimination against Plaintiff which culminated in Plaintiff discharge, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

77.    Plaintiff has incurred and continues to incur legal expenses and attorney fees.  Plaintiff is presently unaware of the precise amount of said expenses and fees and prays leave of court to amend this Complaint when said amounts are more fully known.

Smaili & Associates, P.C.

## SIXTH CAUSE OF ACTION

### REST BREAK VIOLATIONS

### (Against All Defendants)

78.    Plaintiff refers to all allegations contained in paragraphs 1-77, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

79.    *Labor Code* §226.7(a) provides in pertinent part that, "No Employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

80.    Likewise, the IWC Wage Order(s) and provisions of the Labor Code require that an employer relieve an employee of duty for a ten minute break for every four hours worked.

81.    While employed by Defendants, and at all times relevant herein, Plaintiff was misclassified as an "contractor." He consistently worked over five (5) hours per shift and therefore was entitled to an uninterrupted meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment, and, at least one rest break for every four hours worked.

82.    At all times relevant herein, Plaintiff did not waive Plaintiff meal periods and/or rest breaks, by mutual consent with Defendants or otherwise.

83.    At all times relevant herein, Plaintiff did not enter into any written agreement with Defendants agreeing to an on-the-job paid meal period and/or rest break.

84.    Defendants failed to comply with the rest period requirements established by *Labor Code* §226.7, *Labor Code* §512, *Labor Code* §516 and Section 11 of the IWC Wage Order(s).

85.    Pursuant to Section 11(B) of the IWC Wage Order(s) and *Labor Code* §226.7(b), which states in pertinent part that "if an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is

COMPLAINT

14

1    not provided," Plaintiff is entitled to damages in an amount equal to one (1) additional
2    hour of pay at Plaintiff's regular rate of compensation for each work day that the rest
3    period was not provided.

4        86.    Pursuant to *Labor Code* §218.6 and *Civil Code* §3287, Plaintiff seeks
5    recovery of pre-judgment interest on all amounts recovered herein.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ.*

### (Against All Defendants)

9        87.    Plaintiff refers to all allegations contained in paragraphs 1-86 inclusive, and
10    by such reference incorporates the same herein as though fully realleged in detail.

11        88.    Defendant, and each of them, have engaged in unfair and unlawful
12    business practices as set forth above.

13        89.    Business & Professions Code § 17200 *et seq.* prohibits unlawful and unfair
14    business practices.

15        90.    By engaging in the above-described acts and practices, Defendant, and each
16    of them, have committed one or more acts of unfair, unlawful or fraudulent competition
17    within the meaning of Business & Professions Code §17200 *et seq.*

18        91.    Defendant, and each of them, have violated statutes and public policies.
19    Through the conduct alleged in this Complaint, Defendant, and each of them, have acted
20    contrary to public policies and have engaged in other unlawful and unfair business practices
21    in violation of Business & Professions Code § 17200 *et seq.*, depriving Plaintiff and all
22    interested persons of rights, benefits, and privileges guaranteed to all employees under law.

23        92.    As a direct and proximate result of the aforementioned acts and practices,
24    Plaintiff has suffered a loss of money and property in the form of wages and benefits that
25    he would have received as an employee of Defendant, and each of them.

26        93.    Plaintiff seeks an order of this Court awarding restitution, injunctive relief
27    and all other relief allowed under Business & Professions Code §17200 *et seq.*, plus
28    interest and costs.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1.  For all actual, consequential, and incidental damages, including but not limited to loss of earnings and employee benefits, according to proof, but no less than three hundred thousand dollars;

2.  For restitution for unfair competition pursuant to Business & Professions Code §17200 *et seq.*, resulting from Defendants' unlawful business acts and practices, according to proof;

3.  For pre-judgment and post-judgment interest, according to proof;

4.  For punitive and exemplary damages, according to proof;

5.  For attorneys' fees, according to proof and statute;

6.  For costs of suit incurred herein;

7.  For such other relief and the Court may deem just and proper.


Dated: April 2, 2021                              **SMAILI & ASSOCIATES, P.C.**


By:  */s/ Jihad M. Smaili*
     Jihad M. Smaili, Esq.
     Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

Dated: April 2, 2021

**SMAILI & ASSOCIATES, P.C.**

By: _/s/ Jihad M. Smaili_

Jihad M. Smaili, Esq.
Attorneys for Plaintiff